IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ARMANDO MUNOZ,<br>    Petitioner, | § § § | |
| v. | § § | Civil Action No. 4:07-CV-267-Y |
| REBECCA TAMEZ, Warden,<br>FCI-Fort Worth,<br>    Respondent. | § § § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge are as follows:

**I. FINDINGS AND CONCLUSIONS**

**A.   NATURE OF THE CASE**

This is a petition for writ of habeas corpus by a federal prisoner pursuant to 28 U.S.C. § 2241.

**B.   PARTIES**

Petitioner Armando Munoz, Reg. No. 54949-180, is a federal prisoner who is currently incarcerated in FCI-Yazoo City in Yazoo City, Mississippi. At the time this petition was filed, Munoz was confined in FCI-Fort Worth in Fort Worth, Texas.

The Respondent is Rebecca Tamez, Warden of FCI-Fort Worth.

## C. PROCEDURAL HISTORY

On June 30, 2003, Munoz was arrested by local authorities in El Paso, Texas, for an outstanding warrant issued on the same date, and released on bond on July 1, 2003. (Resp't Appendix at 13) Munoz was arrested again on July 15, 2003, by local authorities in El Paso for violating conditions of his probation, and he was sentenced in state court on February 6, 2004, to a two-to-three-year term of imprisonment under cause nos. 970D10058, 970D11580, 980D9798, 980D07755, 990D03639, and 20020D06008, the sentences to run concurrently. (Id. at 13, 17-28) While serving his state sentences, Munoz was temporarily transferred to the custody of the United States Marshals Service and charged with felon in possession of ammunition in violation of 18 U.S.C. § 922. On July 19, 2005, Munoz appeared in the United States District Court for the Western District of Texas, El Paso Division, pled guilty to the federal offense, and received a 50-month term of imprisonment, to be served concurrently with his state sentences. (Id. 5-6) Munoz was returned to state custody where he remained until completion of his state sentences on February 22, 2006. (Id. at 13) Munoz was released from his state sentences to federal custody to serve the remainder of his federal sentence. (Id.) His projected release date is September 26, 2008. (Id. at 2)

By way of the instant petition, Munoz disputes the Bureau of Prisons's sentence computation calculation. Munoz claims (1) he is entitled to credit on his federal sentence for the time from February 6, 2004, the date his state sentences were imposed, through July 18, 2005, the day prior to the date his federal sentence was imposed as ordered in the judgment, and (2) he and his attorney were led to believe he would receive credit for all the time he served in state custody and pretrial confinement awaiting federal prosecution. (Petition, Exhibits A & B) Munoz pursued his claims through the prison administrative appeals process to no avail. At each level of the administrative

appeals process, it was determined that Munoz's sentence was computed in accordance with applicable statutes and Bureau of Prisons policy. (Id. Exhibit C; Resp't Appendix at 2, 14)

Having exhausted his administrative remedies, Munoz filed this petition in this division where he was confined at the time the petition was filed. The government has filed a response with supporting documentary exhibits, to which Munoz filed a reply.

**D. DISCUSSION**

The government contends the petition should be denied because Munoz has failed to state a claim upon which relief may be granted. The government has provided proof that Munoz received presentence credit toward his federal sentence for the period of time he spent in state custody from June 30, 2003, through July 1, 2003, and from July 15, 2003, through February 5, 2004, the day prior to sentencing in state court. (Resp't Appendix at 10) The government argues that Munoz is not entitled to any further prior custody credit than that which he has already received. (Resp't Resp. at 3-5)

18 U.S.C. § 3585, entitled "Calculation of a term of imprisonment," is the statute authorizing the award of presentence credit. The statute provides:

> **(a) Commencement of sentence.**–A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
> **(b) Credit for prior custody.**–A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences–
> > **(1)** as a result of the offense for which the sentence was imposed; or
> > **(2)** as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
> that has not been credited against another sentence.

Thus, § 3585(b) authorizes credit for time spent in official detention prior to the imposition of a federal sentence that has not been credited against another sentence. Notwithstanding this limitation, pursuant to *Willis v. United States*, 438 F.2d 923, 925 (5th Cir. 1971), in certain instances, and, where a defendant's state and federal sentences have been specifically ordered to be served concurrently, time spent in presentence state custody attributable to the federal offense may be credited toward time served on a federal sentence even if the defendant was given credit on his state sentence for that period of time. *See Chaplin v. United States*, 451. F.2d 179, 181 (5th Cir. 1971); *Radcliffe v. Clark*, 451 F.2d 250, 252 (5th Cir. 1971); *Willis*, 438 F.2d at 925.

Because his state and federal sentences were ordered to run concurrently, Munoz's federal sentence began on July 19, 2005, the date sentence was imposed. (Resp't Appendix at 31) *See United States v. Flores*, 616 F.2d 840, 841 (5th Cir. 1980) (providing the earliest date a federal sentence can commence is the date on which it is imposed). Munoz is not entitled to presentence credit toward his federal sentence for the period of February 6, 2004, through July 18, 2005. During that time he was actually serving his state sentences and he received credit against his state sentences for the relevant period of incarceration. *See* 18 U.S.C. § 3585(b); *Willis v. United States*, 438 F.2d 923, 925 (5th Cir. 1971). Munoz received presentence credit toward his federal sentence for the period of time he spent in state custody from June 30, 2003, through July 1, 2003, and from July 15, 2003, through February 5, 2004, the day prior to sentencing in state court, in accordance with *Willis*. Thus, the government is correct in its assertion that Munoz has received all presentence credit toward his federal sentence to which he is entitled.

## II. RECOMMENDATION

Based on the foregoing discussion, it is recommended that this petition for writ of habeas corpus be DENIED.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until June 21, 2008. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV. ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until June 21, 2008, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the

opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED May 30 , 2008.

    /s/   Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE